UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA A. HOCKETT,

          Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

CASE NO. C16-05446 BHS

ORDER AFFIRMING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (  ) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 61

Principal Disabilities Alleged by Plaintiff: Sleep apnea, diabetes, high blood pressure, stroke, and back, hip, and neck pain

ORDER - 1

Principal Previous Work Experience: Receptionist, insurance specialist, and office clerk

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Wayne N. Araki:

    Date of Hearing: April 16, 2015; hearing transcript AR 749-81

    Date of Decision: May 28, 2015

    Appears in Record at: AR 668-95

    Summary of Decision:

> The claimant did not engage in substantial gainful activity during the period from her alleged onset date of disability, January 15, 2009, through her date last insured, June 30, 2012. Through the date last insured, the claimant had the following severe impairments: diabetes mellitus, back disorder, sleep apnea, obesity, and organic mental disorder. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Through the date last insured, the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). She could lift and carry ten pounds occasionally and frequently. She could sit for two-hour intervals. With brief stretch breaks and normal workplace breaks, she could sit for a total of eight hours per eight-hour workday. She could stand and/or walk in five to 15-minute intervals, for a total of two hours per eight-hour workday. She could occasionally balance, stoop, kneel, crouch, and climb ramps and stairs. She could not crawl or climb ladders, ropes, or scaffolds. She could remember, understand, and carry out simple and detailed tasks, with a specific vocational preparation ("SVP") of four or less.
>
> Through the date last insured, the claimant was capable of performing past relevant work as a receptionist and a billing clerk. Therefore, the claimant was not disabled during the period between her alleged onset date and her date last insured.

Before Appeals Council:

    Date of Decision: April 11, 2016

    Appears in Record at: AR 650-54

    Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither weigh the evidence nor substitute its judgment on factual determinations for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

# V. EVALUATING DISABILITY

The claimant, Rebecca A. Hockett ("Hockett"), bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

# VI. ISSUE ON APPEAL

1. Is the ALJ's step-four finding that Hockett could perform past work free of legal error and supported by substantial evidence?

## VII. DISCUSSION

Hockett appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ erred in finding at step four that she could perform past relevant work. Dkt. 10. The Court finds no harmful error.

The claimant has the burden to show that she is unable to perform her past relevant work. *See Tackett*, 180 F.3d at 1098-99. "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "This requires specific findings" on the part of the ALJ "as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id*.

**A.    Detailed Tasks**

First, Hockett argues that the hypothetical question upon which the ALJ relied in making his step-four finding was incomplete because it omitted a limitation to detailed tasks. *See* Dkt. 10 at 4-6. The Court finds no harmful error.

The ALJ assessed Hockett with an RFC that included, among several other limitations, a limitation to simple and detailed tasks. *See* AR 678. However, in finding at step four that Hockett could perform past relevant work as a receptionist and as a billing clerk, the ALJ relied on vocational expert testimony in response to a hypothetical question that omitted any reference to detailed tasks. *See* AR 686-87, 778. The Commissioner asserts that even if the ALJ was in error by omitting the word "detailed," any error was harmless. *See* Dkt. 16 at 4-7.

1    A plaintiff has the burden of establishing that an error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).  The Commissioner argues that Hockett's substantial rights were not affected because an ability to perform detailed tasks is not inconsistent with the requirements of a receptionist.  *See* Dkt. 16 at 4-6.

According to the Dictionary of Occupational Titles ("DOT"), the job of receptionist involves reasoning development level 3, described as follows: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  DOT, App. C(III), *available at* 1991 WL 688702.  Hockett argues that detailed tasks are not consistent with the plain language of reasoning level 3. *See* Dkt. 10 at 6.  Hockett notes that the requirements for reasoning level 2 include the ability to "carry out detailed but uninvolved written or oral instructions."  *See id.* (citing DOT, App. C(III).  However, that the description of reasoning level 2 uses the term "detailed" is not proof that reasoning level 3 is inconsistent with or requires more than the ability to perform detailed tasks.  The plain language of reasoning level 3 describes, though in different words, the ability to perform detailed tasks.  The Court finds no inconsistency between Hockett's RFC and the requirements of the job of receptionist. Therefore, Hockett does not meet her burden of proving that the ALJ's error of omitting

1 the limitation to detailed tasks from the hypothetical question to the vocational expert
2 affected her substantial rights.
3     Hockett also argues that this Court finding that the ability to perform detailed tasks
4 is not inconsistent with the requirements of a receptionist would constitute an improper
5 acceptance of a post-hoc rationalization. *See* Dkt. 17 at 2. However, harmful error
6 analysis is appropriate and in fact required of this Court. *See Molina v. Astrue*, 674 F.3d
7 1104, 1115, 1118 (9th Cir. 2012). A plaintiff fails to meet her burden of proof that an
8 error is harmful when an omitted limitation does not prevent her from performing the
9 jobs identified by the vocational expert and ALJ. *See Stubbs-Danielson v. Astrue*, 539
10 F.3d 1169, 1174 (9th Cir. 2008). Here, Hockett failed to meet her burden of proving that
11 she is unable to perform her past relevant work.

12 **B.    Stretch Breaks**

13     Hockett next argues that the vocational expert's testimony that Hockett could
14 perform the job of receptionist with stretch breaks as needed was in conflict with the
15 DOT and that the ALJ erred by failing to obtain a reasonable explanation for that conflict.
16 *See* Dkt. 10 at 6-11. The Court finds no harmful error.
17     The ALJ assessed Hockett with an RFC that limited Hockett to sitting for two-
18 hour intervals for a total of eight hours in an eight-hour workday with normal breaks and
19 the ability to take additional brief stretch breaks. *See* AR 678. The ALJ asked the
20 vocational expert if a person with these limitations could perform the job of receptionist,
21 and the vocational expert replied that a person could. *See* AR 778, 780.
22

An ALJ must ask the vocational expert "if the evidence he or she has provided conflicts with information provided in the DOT," and if an apparent conflict exists, the ALJ must "obtain a reasonable explanation." Social Security Ruling ("SSR") 00-4p, *available at* 2000 WL 1898704, at *4. Here, the ALJ failed to ask about any apparent conflicts after the vocational expert clarified his testimony regarding the ability to take stretch breaks as needed. *See* AR 780-81. However, failure to adhere to that procedure is harmless where no conflict exists between the vocational expert's testimony and the DOT. *See Massachi v. Astrue*, 486 F.3d 1149, 1154 n. 19 (9th Cir. 2007). The DOT is silent regarding whether the job of receptionist allows stretch breaks as needed. *See* DOT #237.367-038, *available at* 1991 WL 672192. No conflict exists, then, between the DOT and the vocational expert's testimony; the vocational expert's testimony simply went into more detail than the DOT. Therefore, Hockett has not met her burden of proving that the ALJ's error in failing to ask about apparent conflicts affected her substantial rights. *See Ludwig*, 681 F.3d at 1054.

**C.  Composite Job Rule**

Hockett also argues that the ALJ erred by finding that Hockett could perform the job of receptionist as generally performed because SSR 82-61 forbids such a finding where a claimant's past relevant work is a composite of two or more separate jobs. *See* Dkt. 10 at 13-14. The Court disagrees.

Hockett argues that she worked only 60 percent of the workday as a receptionist, so her job was a composite job. *See id.* at 14. However, Hockett actually testified, and the ALJ found, that the majority of her work as a receptionist involved taking incoming

1  phone calls and a minority of her work as a receptionist involved data entry, drafting

2  reports, faxing, copying, and distributing files. *See* AR 687, 703-04. All of those duties

3  fall under the DOT's description of receptionist work. *See* DOT #237.367-038.

4  Therefore, Hockett's work was not a composite job, and SSR 82-61 did not apply. The

5  ALJ did not err in finding that Hockett could perform her past work as a receptionist as

6  generally performed.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

Dated this 19th day of January, 2017.

BENJAMIN H. SETTLE
United States District Judge